IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEONEL GARCIA DIAZ, *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | No. 1:25-CV-01484-DAE |
| | § | |
| ALVARO SOTO, in his individual capacity, | § | |
| | § | |
| *Defendant*. | § | |

ORDER GRANTING MOTION TO STAY DISCOVERY

Before the Court is Defendant Alvaro Soto's ("Defendant") Motion to Stay Discovery (the "Motion") (Dkt. # 13). In his Motion, Defendant asks the Court to stay discovery pending a ruling on his Motion for Summary Judgment, which raises the defense of qualified immunity. (Dkts. ## 12 at 9; 13.) Plaintiff Leonel Garcia Diaz ("Plaintiff") did not file a response.[1] For the reasons stated herein, the Court finds that Defendant's Motion to Stay is meritorious and should be granted.

Because qualified immunity entitles a defendant to immunity from suit, rather than a mere defense to liability, the Supreme Court has admonished courts to resolve "immunity questions at the earliest possible stage in litigation."

[1] The Court notes that it may grant Defendant's Motion to Stay Discovery as unopposed pursuant to Local Rule CV-7(e)(2). Nonetheless, the Court offers a brief analysis for its decision to grant the Motion to Stay on the merits.

Pearson v. Callahan, 555 U.S. 223, 231–32 (2009) (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)). And because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery," Bustillos v. El Paso Cnty. Hosp. Dist., 891 F.3d 214, 223 (5th Cir. 2018) (quoting Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012)), district courts "may not permit discovery against the immunity-asserting defendants before [ruling] on their defense," Carswell v. Camp, 54 F.4th 307, 311 (5th Cir. 2022), cert. denied, 144 S. Ct. 73 (2023); see also Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment))).

The principle of protecting immune defendants from the costs of discovery is, of course, well-suited to the motion to dismiss stage. See, e.g., Carswell, 54 F.4th at 312 (explaining that district courts "may not permit discovery" when defendants have "assert[ed] qualified immunity in a motion to dismiss"); Backe, 691 F.3d at 648 (explaining that courts may only order discovery that is "narrowly tailored to uncover only those facts needed to rule on the immunity claim" they are "unable to rule on the immunity defense without further clarification of the facts" (quoting Lion Boulos v. Wilson, 834 F.2d 504, 507–08 (5th Cir. 1987))). Here, however, Defendant did not raise qualified immunity in a

Rule 12(b)(6) motion to dismiss—rather, he asserted the defense in his Motion for Summary Judgment. The question is whether it is appropriate for the Court to stay discovery at this later procedural juncture.

When a defendant asserts qualified immunity in a motion for summary judgment and moves to stay discovery on that basis, courts may deem discovery appropriate where *additional* issues exist beyond the qualified immunity defense. In this scenario, staying discovery could hamper the plaintiff's ability to develop their case on claims that are not subject to the immunity challenge. In addition, denying the plaintiff "access to evidence [that is] solely within [the defendants'] control" and then requiring the plaintiff to respond to a "fact-intensive motion for summary judgment" can be "inherently unfair." Est. of Sorrells v. City of Dallas, 192 F.R.D. 203, 209 (N.D. Tex. 2000); see also id. ("In this court's view, it is inappropriate for [the] defendants to gain shelter from discovery under the qualified immunity shield while simultaneously attacking plaintiff with documentary evidence from which he cannot defend himself because of the discovery stay." (quoting Smith v. Luther, No. CIV. A. 4:96CV69-D-B, 1996 WL 671630, at *2 (N.D. Miss. Aug. 16, 1996))). Indeed, an immunity-asserting defendant who obtains a discovery stay and then waits to "seek a ruling on their immunity defense until they move for summary judgment," rather than first seeking dismissal under Rule 12(b)(6), can "unfairly blind[side] plaintiff[] by

forcing them to respond to evidence before they have an opportunity to conduct discovery." See id. at 207–09.

However, these concerns are not present in the situation the Court is presented with here. For one, Defendant's Motion for Summary Judgment asserted qualified immunity for all of Plaintiff's claims. (See Dkt. # 12 at 19.) This means that if the Court grants summary judgment in full, that would completely dispose of Plaintiff's case. Because there do not appear to be claims for which Defendant has *not* invoked the qualified immunity defense, the rationale of permitting discovery to go forward on other claims is inapplicable here.

Additionally, in this case, the discovery deadline of December 4, 2026 was set on December 12, 2025. (See Dkt. # 9.) Because Plaintiff did not respond to Defendant's Motion to Stay regarding whether further discovery is necessary, the Court looks to Plaintiff's Response to Defendant's Motion for Summary Judgment. (Dkt. # 15.) In this Response, Plaintiff alleges that Defendant is withholding electronically stored information and/or tangible evidence in his possession that would support Defendant's defenses. (Id. at 4.) This overly broad, speculative contention provides no basis to deny the Motion to Stay. Critically, Plaintiff offers no explanation as to why this "missing" discovery deprives him of the ability to respond to Defendant's Motion for Summary Judgment or otherwise impedes the success of his case. Further, Plaintiff did not utilize available

procedural tools, such as those provided by Federal Rule of Civil Procedure 56(d), to argue that additional discovery is needed because he "cannot present facts essential to justify [his] opposition" to Defendant's Motion for Summary Judgment. Fed. R. Civ. P. 56(d).

Not only has Plaintiff failed to identify further information, facts, or discovery necessary to develop his case, he apparently did not conduct *any* discovery of his own within the nine-month window between Defendant's Answer and Motion for Summary Judgment. (See Dkt. # 16 at 3 (Defendant's contention that "Plaintiff has failed to conduct any discovery of his own in this case.").) Rather than supporting his Response to Defendant's Motion for Summary Judgment with rebuttal evidence, Plaintiff states that he "relies on all materials already filed with the Court," including Defendant's summary judgment exhibits specifically. (See Dkt. # 15 at 2–4.) Thus, Plaintiff's admission of his intention to utilize *Defendant's* discovery materials in support of his own case undermines any contention that he is in an unfavorable position. See Bohlman v. Comal County, No. SA-05-CA-693WWJ, 2006 WL 8432994, at *3–4 (W.D. Tex. May 2, 2006) (granting defendant's motion to stay discovery based on the court's conclusion that no further discovery was needed for plaintiff to be able to defend himself in his response to defendant's motion for summary judgment).

In closing, the Court also notes that additional discovery would have limited value here because the record is closed for purposes of adjudicating Defendant's Motion for Summary Judgment. Because Plaintiff (1) already responded to Defendant's Motion for Summary Judgment, without attaching any rebuttal evidence, and (2) failed to identify any specific discovery or facts beyond the current evidentiary record that would be necessary to evaluate Defendant's qualified-immunity defense, the Court finds no reason to permit additional discovery to take place while it adjudicates Defendant's Motion for Summary Judgment.

Accordingly, the Court **GRANTS** Defendant Alvaro Soto's Motion to Stay (Dkt. # 13) and **STAYS** all discovery pending the Court's resolution of Defendant's Motion for Summary Judgment (Dkt. # 12).

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, November 4, 2026.

David Alan Ezra
Senior United States District Judge